UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MATTHEW HARRIS

        Plaintiff,

  v.

VENTYX INC. and UNITED HEALTHCARE INSURANCE COMPANY

        Defendants.
_____

Civ. No. S-11-308 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Ventyx, Inc. ("Ventyx") and United Healthcare Insurance Company's ("United") (collectively, "defendants") motions for judgment on the pleadings pursuant to Federal Rule of Procedure ("FRCP") 12(c). Plaintiff, Matthew Harris, opposes the motion. For the reasons set forth below,[1] defendants' motions are granted with leave to amend.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

## BACKGROUND

Plaintiff was an employee of defendant Ventyx, and was an eligible participant in Ventyx's group welfare plan (the "plan"), governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq ("ERISA"). (Pl.'s Compl., filed Feb. 2, 2011, [Docket #1], ¶ 2.) Ventyx was the sponsor and administrator of the plan. (Id. ¶ 3.) United was the insurer for the plan. (Id. ¶ 4.) The terms of the plan provide a monthly benefit of the lesser of $20,00 or 66 2/3 percent of gross monthly earnings. (Id. ¶ 9.) Moreover, the plan contains a pre-exisiting condition provision which provides that coverage is unavailable for "any Disability during the first 12 months after the covered persons effective date of insurance that is caused or contributed to by a pre-Existing Condition." (Id. Ex. A at 17.) However, the plan also contains a continuity of insurance provision which provides that, where the plan participant has a pre-existing condition, but was insured by Ventyx's prior group insurance policy, the participant will be eligible for benefits under the policy, limited to the maximum monthly payment provided by the prior group insurance policy. (Id.)

In 2007, plaintiff was diagnosed with lung cancer, and has received continuous chemotherapy treatment since that time. (Id. ¶ 10.) Plaintiff was scheduled for additional chemotherapy treatments in the fall of 2009. (Id. ¶ 11.) In contemplation of these treatments, plaintiff approached Ventyx's human resources representative, Judy Mayo, to discuss the consequences of retirement and claiming long term disability benefits under the

1  plan.  (Id. ¶¶ 11-12.)  According to the complaint, Ms. Mayo
2  represented that the terms of the plan would provide "higher
3  benefit caps as well as the post-tax features that Ventyx
4  identified when it rolled out the plan."  (Id. ¶ 14.)  After this
5  discussion, plaintiff elected to retire and go on disability.
6  (Id. ¶ 15.)
7       Ventyx presented plaintiff's claim to United, who approved
8  his claim for benefits.  (Id. ¶ 16.)  However, because of
9  plaintiff's preexisting condition, United concluded that, under
10 the continuity of insurance provision, plaintiff was only
11 entitled to $5,000 (the maximum monthly payment under his
12 previous plan), not $10,766, the amount Ms. Mayo allegedly
13 represented he would receive.  (Id. ¶ 17.)  Importantly,
14 plaintiff does not allege that United misinterpreted the terms of
15 the plan; instead, plaintiff alleges that but for Ms. Mayo's
16 alleged misrepresentations, plaintiff "would have remained
17 employed by Ventyx until after the one year requirement for pre-
18 existing conditions."  (Id. ¶ 20.)  Plaintiff appealed United's
19 determination of benefits under the plan.  (Id. ¶ 21.)  United,
20 pursuant to the terms of the plan, denied the appeal.
21 (Id. ¶ 22.)
22      Plaintiff claims that both Ventyx and United breached their
23 fiduciary duties under ERISA and seeks recovery of additional
24 disability benefits he claims he is owed under the plan.  Since
25 approving the plan, United has been paying plaintiff $5,000 a
26 month; plaintiff, however, claims that he is entitled to a
27 monthly benefit of $10,766, the amount Ms. Mayo allegedly
28 represented he would receive. (See United's Mot. for J. on the

3

Pleadings, filed Apr. 20, 2011, [Docket #22], at 2:1-7.)  Both defendants filed substantially similar motions for judgment on the pleadings for failure to state a cognizable ERISA claim.

## STANDARD

FRCP 12(c)provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c).  Moreover, Rule 12(h)(2) of the Federal Rules of Civil Procedure provides in relevant part that a defense of failure to state a claim upon which relief can be granted may be made by motion for judgment on the pleadings.  Fed. R. Civ. Proc. 12(h).

When considering a motion for judgment on the pleadings presenting a defense of failure to state a claim upon which relief can be granted, a court should employ those standards normally applicable to a motion to dismiss pursuant FRCP 12(b)(6).  See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 528-29 (9th Cir. 1997); 5B Wright & Miller, Federal Practice and Procedure, Civil § 1368 at 515-16 (3d ed. 2007).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While the pleading standard set forth in FRCP 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer

5

possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

ANALYSIS

Plaintiff alleges that defendants breached their fiduciary duty under Section 404 of ERISA. More specifically, plaintiff alleges that defendants breached their fiduciary duty when Judy Mayo, Ventyx's human resources representative, misrepresented the terms of the plan and "failed to provide accurate information to [p]laintiff regarding the applicability of the Pre-Existing Condition clause of the [p]lan." (Pl.'s Compl., ¶¶ 24-26.) Plaintiff further contends that United breached its fiduciary duty to plaintiff by failing to conduct a reasonable appeal of the claim. (Id. at ¶ 25.) More specifically, plaintiff contends that United "had a duty to look at all aspects of the claim, not just conformity with the policy language."[2] (Id.)

---

[2] Plaintiff points to no provision of ERISA to support his claim that failure to conduct an appeal in such a manner constitutes a breach of fiduciary duty under ERISA. Moreover, plaintiff does not assert that United failed to correctly apply the terms of the plan. Since, on such appeal, United can do nothing more than apply the terms of the plan, a more elaborate appeals process would not have resulted in greater benefits than those permitted by the terms of the plan. To this end,

Under ERISA Section 404, an ERISA fiduciary must act "solely in the interest of the participants and beneficiaries" and with the "care, skill, prudence and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would conduct of any enterprise of like character and like aims." 29 U.S.C. § 1104. ERISA suits for breach of fiduciary duty arise under 29 U.S.C. § 1132(a)(2), which "authorizes a participant or beneficiary to bring a civil action for appropriate relief under 29 U.S.C. § 1109 ("Section 1109"), which in turn authorizes a claim for breach of fiduciary duties by an ERISA fiduciary.[3] See Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1978).

Section 1109 restricts actions against a fiduciary "to make good *to such plan* any losses to the plan resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." 29 U.S.C. § 1109 (emphasis added). The Supreme Court has thus held that recovery for a violation of 29 U.S.C. § 1109 must be brought on behalf of the plan as a whole, and cannot inure solely to the benefit of an individual beneficiary.

---

plaintiff's assertion in this regard does not present a viable claim warranting denial of defendant United's motion for judgment on the pleadings.

[3] Moreover, a plan participant may bring a civil action pursuant 29 U.S.C. § 1132(a)(1)(B) "to recover benefits due to him under the terms of his plan." However, plaintiff does not assert that he is owed additional benefits under the written terms of the plan; instead, he argues that he should receive additional monthly payments because of Ventyx's alleged misrepresentation that he would receive a higher monthly payment. Therefore, plaintiff does not bring his claim pursuant to Section 1132(a)(1)(B).

Mass. Mut. Life Ins, 437 U.S. at 140-142; see also Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1418 (9th Cir. 1991) ("[a]ny recovery for a violation of Section 1109 and 1132(a)(2) must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries.")

Moreover, "[b]ecause 29 U.S.C. § 1102 provides that 'every employee benefit plan shall be established and maintained pursuant to a written instrument,' courts have held the oral agreements or modifications cannot be used to contradict or supersede the written terms of an ERISA plan." Richardson v. Pension Plan of Bethlehem Steel Corp., 112 F.3d 982, 986 n.2 (9th Cir. 1997); see also Greany v. Western Farm Bureau Life Insurance Co., 973 F.2d 812, 822 (9th Cir. 1992) ("A plaintiff cannot avail himself of a federal ERISA estoppel claim based upon statements of a plan employee which would enlarge his rights against the plan beyond what he could recover under the unambiguous language of the plan itself.")[4]  This restriction reflects the notion that "'ERISA's writing requirement protects the plan's actuarial soundness by preventing plan administrators from contracting to

---

[4] The Greany court noted that the adoption of this standard would not preclude an estoppel claim under ERISA based on an oral representation if "the provision in question is ambiguous and the party to be estopped interpreted this ambiguity." Id. at 822 n.9.  Here, plaintiff has not alleged that the terms of the plan are ambiguous. Moreover, the court notes that the plan provisions at question in this case are not ambiguous: they clearly state that where a participant has a pre-existing condition, defined as "any Sickness or Injury . . . for which the Covered Person . . . was diagnosed by or received Treatment from a legally qualified Physician," that participant's "Monthly Payment will not be more than the maximum monthly payment of the prior group insurance policy." (Pl.'s Compl. Ex. A at 17.)  Here, "reasonable persons could [not] disagree as to the[] meaning or effect" of these terms. Greany, 973 F.2d at 821.

8

1  pay benefits to persons not entitled to them under the express
2  terms of the plan.'" Greany, 973 F.2d at 822 (quoting Rodrigue
3  v. Western and S. Life Ins. Co., 948 F.2d 969, 970-72 (5th Cir.
4  1991).)
5      In this case, plaintiff's complaint is defective for two
6  reasons: (1) plaintiff is not bringing his claim for breach of
7  fiduciary duty on behalf of the plan itself – plaintiff seeks
8  personal relief solely in the form of "unpaid long term
9  disability payments, plus interest" (Pl.'s Compl., ¶31.); (2)
10 plaintiff cannot state a claim for monetary compensation based on
11 the oral representation regarding the terms of the plan made by a
12 Ventyx employee because awarding such compensation would
13 contradict the written terms of the plan.
14     First, with regard to plaintiffs breach of fiduciary duty
15 claim, this case is factually similar to Toohey v Wyndham
16 WorldWide Corp. Health and Welfare Plan, 673 F.Supp.2d 1233
17 (D.Oregon 2009). In Toohey, plaintiffs, survivors of Toohey,
18 brought a similar claim against the plan under Section 1132(a)(2)
19 for breach of fiduciary duty, alleging that defendants were
20 "liable for erroneously leading Toohey to believe that the cause
21 of his death would be covered under the Plan." Id. at 1227. The
22 remedy the Toohey plaintiffs sought to redress the alleged
23 misrepresentation was similar to that sought by plaintiff here:
24 since they could not recover under the terms of the plan, they
25 sought to recover based on the alleged oral misrepresentations
26 that the plan would provide coverge. Id. The court held that,
27 "[b]ecause plaintiffs' claim is one for personal monetary
28 benefits, it does not seek to benefit the plan as a whole," and

9

thus, "plaintiffs cannot seek relief under" Section 1132(a)(2). Similarly, here, plaintiff's complaint merely seeks personal monetary benefits — the amount he claims he is owed pursuant to Ventyx's alleged representations — and does not seek to benefit the plan as a whole. Accordingly, plaintiff cannot seek relief for breach of fiduciary duty under Sections 1132(a)(2).

Second, plaintiff's claim also fails because it rests entirely upon Ventyx's alleged oral misrepresentations regarding the terms of the plan. As set forth above, claims based solely on alleged oral misrepresentations are not cognizable under ERISA when those representations do not conform to the written terms of the plan. See e.g., Greany., 973 F.2d at 822; Frahm, 137 F.3d at 960. Thus, plaintiff's claim for additional benefits in accordance with Ventyx's alleged oral misrepresentations fails as a matter of law because those additional benefits directly contradict the terms of the plan.[5]

---

[5] Even if a claim for reformation of a written plan pursuant to oral representations was cognizable under ERISA, the court doubts that plaintiff would have a claim because it is problematic that Ms. Mayo was acting as a fiduciary. In a claim for breach of fiduciary duty under ERISA, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary when taking the action subject to the complaint." Pegram v. Herdrich, 530 U.S. 211, 226 (2000). In Livick v. The Gillete Co., 524 F.3d 24 (1st Cir. 2008), the court held that a human resources representative, like Ms. Mayo here, was not acting as a fiduciary in estimating the amount of plaintiff's benefits under defendant's plan. Id. at 29. Indeed, the Livick court held that "[n]othing in ERISA secures [plaintiff] a windfall when a ministerial employee makes a mistake in an estimate, a mistake of which the beneficiary is or should be aware because the company's clear and accurate ERISA" plan terms. Id. at 33. Similarly here, Ms. Mayo was unlikely acting as a fiduciary in estimating the amount of plaintiff's benefits, and thus, plaintiff is not entitled to an amount that would contradict the clear terms of the Plan.

In his opposition, plaintiff does not contest that, under established precedent construing Section 1132(a)(2), his claim is brought improperly to inure to his personal benefit, not the Plan as a whole.  Moreover, plaintiff's brief opposition fails to address, or cite to authority contradicting, defendants' contention that providing additional benefits in accordance with Ventyx's alleged oral misrepresentations is improper under ERISA.  Instead, plaintiff insists that the Supreme Court's recent holding in CIGNA Corp. v. Amara, 131 S.Ct. 1866 (2011), salvages his claim by undermining these previously established principles.  As set forth below, plaintiff's reliance on Amara is misplaced.

In Amara, defendant CIGNA amended its basic pension plan.  Id. at 1870.  As required by ERISA, CIGNA provided the plan beneficiaries written disclosures of the nature of the changes to their benefits.  Id.  When the beneficiaries learned that some of the disclosures were misleading, they brought an action on behalf of all the beneficiaries, challenging the adoption of the new plan.  Id.  The District Court held "that the disclosures made by GIGNA violated its obligations under ERISA."  Id. at 1870-1871.  The District Court, relying on 29 U.S.C. § 1132(a)(1)(B), reformed the plan to reflect the disclosures made, and ordered CIGNA to pay benefits according to the plan terms as reformed.  Id.

Plaintiff now claims, based on this holding, that he has a viable claim for withheld benefits, because the Amara decision upheld "the District Court's finding that CIGNA should be held to what it had promised even if the terms of the actual written plan

11

were different."[6]  (Pl.s Opp'n, filed Jul. 20, 2011, [Docket #32], at 4:21-24.)  This mischaracterizes the Amara decision.  In fact, the Supreme Court expressly held that the District Court erred by reforming the terms of the plan under 29 U.S.C. § 1132(a)(1)(B).  Id. at 1871.  The court did, however, in dicta, "find that a different equity-related ERISA provision . . . authorizes the forms of relief similar to those that the court entered."  Id.  More specifically, the court held that 29 U.S.C. § 1132(a)(3), which authorizes appropriate equitable relief in certain circumstances, *may* authorize this kind of relief.  Id. (emphasis added)  Importantly, however, such relief is only available to remedy "any act or practice that violates any provision of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).

   In this case, Amara does not salvage plaintiff's claim as he has not established a violation of any ERISA provision.  As set forth above, plaintiff's claim fails to state a viable claim under ERISA for two reasons.  First, plaintiff's claim for breach of fiduciary duty was not brought on behalf of the plan as a whole.  29 U.S.C. § 1109; Mass. Mut. Life Ins. Co., 437 U.S. at 140-142.  Second, oral representations or modifications cannot provide the basis to contradict the written terms of the plan.  Frahm, 137 F.3d at 960.

---

[6] Plaintiff incorrectly suggests that Amara is "wholly contrary to and ther[fore] over-rules the prior 9th Circuit rulings cited by [d]efendants that suggest a beneficiary can only sue on behalf of the plan as a whole."  (Pl.'s Opp'n at 4:2 n.4.)  As set forth above, Amara does not affect this long line of precedent; it merely holds that where there has been a violation of ERISA, a court may, in certain circumstances, fashion additional equitable relief pursuant to Section 1132(a)(3).

12

**CONCLUSION**

For the reasons set forth above, defendants' motions for judgment on the pleadings are GRANTED. Plaintiff's claims are dismissed with leave to amend. Plaintiff is granted (15) days from the date of this order to file a first amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiff's first amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: August 12, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE